UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN BARTON,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART INC. and JOHN DOE(S) 1-10,<br><br>    Defendants. | NO. 3:23-cv-05063<br><br>NOTICE OF REMOVAL<br><br>***[CLERK'S ACTION REQUIRED]*** |

Defendant Walmart Inc. ("Walmart"), pursuant to 28 U.S.C. § 1441 *et seq.*, hereby files this Notice of Removal of the above-captioned action to this Court and states as follows:

    1.    On January 4, 2023, Plaintiff Nathen Barton ("Plaintiff") served Walmart with a Summons and Complaint, asserting claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and Washington's Consumer Electronic Mail Act ("CEMA"), RCW 19.190.010 *et seq.* True and correct copies of the Summons and Complaint are attached as Exhibit A. Walmart is not aware of any additional process, pleadings, or orders that Plaintiff has served on Walmart.

    2.    Plaintiff purports to bring this action against "currently unknown entities" in addition to Walmart, a.k.a. "John Doe 1–10." Walmart is not aware of any other defendants that have been served by Plaintiff.

    3.    The Summons orders Walmart to appear in the Superior Court of the State of Washington, Clark County, and the Complaint likewise bears a heading for that court. However,

**Error! No text of specified style in document.** - 1
(TBD )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

the Complaint and Summons bear no indicia of having been filed in that court (e.g., a case number), and a search of that court's docket for this case returns no results.

4. Under Washington law, a plaintiff may commence a civil action in Washington Superior Court by service of the summons and a complaint alone. *See Melvin v. Kingsolver*, No. C12-5401 RJB, 2012 U.S. Dist. LEXIS 202543, at *9 (W.D. Wash. June 12, 2012) (citing RCW 4.28.020; Washington Superior Court Civil Rule 3(a); *Seattle Seahawks, Inc. v. King County*, 128 Wn.2d 915, 917, 913 P.2d 375 (Wash. 1996)). Upon service, the Washington Superior Court is deemed to have acquired jurisdiction over the action, *id.* (citing *Seattle Seahawks Inc.* at 917), and—if the other requirements for removal are met—the case may be removed to federal court although no complaint has been filed. *Id.*

5. This Notice of Removal is timely. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1441(b)(1). Because Plaintiff served Walmart with the Complaint on January 4, 2023, Walmart's removal deadline is February 3, 2023, and this Notice of Removal—filed on January 24, 2023—is timely.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331. Because the TCPA is a federal statute, the Court has federal question jurisdiction over Plaintiff's TCPA claim. *See Barton v. J.M.S. Assoc. Mktg., LLC*, No. 21-5509 RJB, 2021 U.S. Dist. LEXIS 171409, at *7 (W.D. Wash. Sep. 9, 2021) ("The Court has subject matter jurisdiction over the federal TCPA claim because it presents a federal question under 28 U.S.C. § 1331."). And the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's CEMA claim because it arises from the same alleged conduct—the text messages that Plaintiff purportedly received from Walmart. *Id.* ("[The Court] has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are [so] related to the federal claim 'that they form part of the same case or controversy.'").

**Error! No text of specified style in document.** - 2
(TBD )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7. Alternatively, this Court has subject matter jurisdiction over this action under 28 U.S. Code § 1332. "A federal court has jurisdiction over the underlying dispute if [1] the suit is between citizens of different states, and [2] the amount in controversy exceeds $75,000 exclusive of interest and costs (i.e., diversity jurisdiction)." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (citing 28 U.S. Code § 1332(a)). Both requirements for diversity jurisdiction are satisfied here.

8. First, there is complete diversity of citizenship between the parties. "A natural person is a 'citizen' for diversity jurisdiction purposes in the state where he or she is domiciled." *Russell v. Samec*, No. 2:20-cv-00263-RSM-JRC, 2020 U.S. Dist. LEXIS 110806, at *4–5 (W.D. Wash. June 4, 2020). Plaintiff alleges that he resides in Washington (Compl. at 1:20–21), and on information and belief, Plaintiff is domiciled in Washington. Further, a corporation "is a citizen of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Private Client Fiduciary Corp. v. Chopra*, No. 22-CV-00436-LK, 2023 U.S. Dist. LEXIS 5967, at *2–3 (W.D. Wash. Jan. 12, 2023). Walmart is a Delaware corporation with its principal place of business in Arkansas. Accordingly, for diversity purposes, Plaintiff and Walmart are citizens of different states, and there is complete diversity of citizenship among the parties.

9. Second, the amount in controversy exceeds $75,000. "In considering the amount in controversy, [courts] first look[] to the face of the complaint." *Gillis v. BMW of N. Am.*, LLC, No. C20-739RSM, 2020 U.S. Dist. LEXIS 88012, at *3 (W.D. Wash. May 19, 2020). Plaintiff alleges that he received 72 text messages from Walmart in willful or knowing violation of the TCPA and the CMA. Ex. A, Compl. at 3–21. While Walmart contends that no wrongdoing or liability exists here, as pled, the potential damages for each text is $2,000. *See* 47 U.S.C. 227(c)(5) (up to $1,500 for each willful or knowing violation); RCW 19.190.040(1) ($500 per violation). Accordingly, as pled, the amount in controversy is at least $144,000.

Error! No text of specified style in document. - 3
(TBD )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

10. Venue is proper in this District and Division because, prior to this removal, the Clark County Superior Court had jurisdiction over this case and Clark County is located in this District and Division. *See LifeLast, Inc. v. Charter Oak Fire Ins. Co.*, No. C14-1031JLR, 2014 U.S. Dist. LEXIS 139770, at *6 (W.D. Wash. Sep. 29, 2014) (noting that "the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'") (quoting 28 U.S.C. § 1441(a)).

11. Promptly after the filing of this Notice of Removal, Walmart shall provide notice of the removal to Plaintiff. If Plaintiff ultimately files the Complaint with the Clark County Superior Court, upon notice to Walmart of such filing, Walmart will promptly file notice of this removal with the clerk of the Clark County Superior Court, as required by 28 U.S.C. § 1446(d).

12. By filing this Notice of Removal, Walmart does not waive any defenses, including but not limited to lack of service, improper service, or absence of personal jurisdiction. And despite the amount in controversy from the face of the complaint, Walmart disputes that Plaintiff is entitled to recovery of any kind.

DATED this 24th day of January 2023.

*s/Rodney L. Umberger, Jr       .*
Rodney L. Umberger, Jr., WSBA # 24948
*s/Eddy Silverman*
Eddy Silverman, WSBA # 53494
Attorneys for Defendant Walmart Inc.
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
rumberger@williamskastner.com
esilverman@williamskastner.com

**Error! No text of specified style in document.** - 4
(TBD )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF system and sent a copy to Plaintiff as follows:

| | |
|---|---|
| Nathen Barton<br>4618 NW 11th Cir.<br>Camas, WA 98607<br>FarmersBranch2014@gmail.com | ☐ CM/ECF<br><br>☒ US Mail<br><br>☐ Email |

Executed on January 24, 2023, at Seattle, Washington

*s/ Eddy Silverman*
Eddy Silverman, WSBA #53494

**Error! No text of specified style in document.** - 5
(TBD )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600