**NOT FOR PUBLICATION**

FILED

OCT 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NATHEN W. BARTON,

Plaintiff - Appellant,

v.

WALMART INC.; JOHN DOE, 1-10,

Defendants - Appellees,

and

SHOUJING ZHOU,

Defendant.

No. 24-2649

D.C. No. 3:23-cv-05063-DGE

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted October 15, 2025**

Before: FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Nathen W. Barton appeals pro se from the district court's summary

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in his action alleging violations of the Telephone Consumer Protection Act ("TCPA"), and Washington's Consumer Electronic Mail Act ("CEMA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision on cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendants because Barton failed to raise a genuine dispute of material fact as to whether Walmart Inc.'s text messages about orders previously placed on its website constituted "solicitations" within the meaning of the TCPA, *see* 47 U.S.C. § 227(a)(4) (defining "telephone solicitation" to mean "the initiation of a telephone call or message for the purpose of encouraging the purchase . . . of . . . goods"), or "commercial electronic text messages" within the meaning of the CEMA, *see* Wash. Rev. Code § 19.190.010(3) (defining commercial electronic text message as "an electronic text message sent to promote . . . goods . . . for sale").

**AFFIRMED.**